IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM MARCELLE HARTSFIELD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil Action No. 05-787 |
| | ) Related to Criminal Action No. 94-10 |
| UNITED STATES OF AMERICA, | ) Electronically Filed |
| | ) |
| Respondent. | ) |

MEMORANDUM OPINION

I

The petitioner, William Marcelle Hartsfield, has filed a motion under 28 U.S.C. § 2255 to

vacate, set aside or correct sentence, which the government has moved to dismiss. For the

reasons set forth below, the government's motion to dismiss will be denied and the petitioner's

Section 2255 motion will be transferred to the United States Court of Appeals for the Third

Circuit pursuant to 28 U.S.C. § 1631.

II

The history of this case may be summarized as follows:

In Indictment No. 94-10, which was filed on January 12, 1994, the petitioner was charged

with (a) knowingly conspiring to distribute, and possess with intent to distribute, in excess of 5

kilograms of cocaine and in excess of 50 grams of cocaine base from February, 1990 to January,

1992, in violation of 21 U.S.C. §§ 841(a) and 846, and (b) knowingly conducting a financial

transaction affecting interstate commerce *(i.e.*, the purchase of an automobile) with proceeds of a

1

specified unlawful activity (*i.e.*, distribution of cocaine and cocaine base) on December 7, 1990,

in violation of 18 U.S.C. § 1956(a)(1)(B)(i). (Docket No. 1).

On May 27, 1994, a jury found the petitioner guilty of both charges. (Docket No. 34).

Thereafter, on September 1, 1994, pursuant to the Sentencing Reform Act of 1984, the

Honorable Barron P. McCune sentenced the petitioner under the United States Sentencing

Guidelines ("USSG") to 240 months' imprisonment at each of Counts One and Two to run

concurrently. (Docket No. 46). On October 11, 1994, the petitioner filed a notice of appeal.

(Docket No. 49). However, the Third Circuit affirmed the petitioner's judgment of conviction on

January 24, 1996 .[1] (Docket No. 64).

On April 2, 1997, the petitioner filed a *pro se* motion to vacate, set aside or correct

sentence under 28 U.S.C. § 2255, asserting that (1) he "suffered a constructive denial of

counsel;" (2) he was denied effective assistance of counsel due to a conflict of interest; (3) his

money laundering conviction was invalid as a matter of fact and law; and (4) he was denied a fair

trial based on counsel's failure to request and the district court's failure to give an instruction to

the jury regarding the specific object of the drug conspiracy, *i.e.*, distribution of either cocaine or

---

1. The petitioner raised two arguments in the direct appeal from his judgment of conviction.
First, the petitioner asserted that the district court erred in admitting into evidence, testimony
regarding the petitioner's possession of a .9 millimeter handgun because he was not charged in
the indictment with use or possession of a handgun. Second, the petitioner asserted that the
district court erred in its charge to the jury that it could find petitioner guilty as charged in the
indictment if they found him responsible for *any* amount of controlled substances, despite the
fact that the indictment charged a specific threshold amount of controlled substances against him.
With respect to the petitioner's first argument, the Third Circuit held that the district court did
not abuse its discretion in admitting evidence of the handgun because "the substantial probative
value of this evidence [wa]s not outweighed by the possibility of prejudice." As to the
petitioner's second argument, the Third Circuit held that neither 21 U.S.C. § 841(a) nor 21
U.S.C. § 846 required any specific quantity of controlled substances for conviction. Thus, the
district court did not err in its instructions to the jury.

cocaine base or both. (Docket No. 66). Due to the retirement of Judge McCune prior to the

filing of the petitioner's Section 2255 motion, the case was assigned to the Honorable Donald J.

Lee who, by Memorandum Opinion dated October 24, 1997, denied the petitioner's Section 2255

motion. (Docket No. 75). With respect to the first and second arguments relating to ineffective

assistance of counsel, Judge Lee concluded that "the conclusionary allegations of Hartsfield with

regard to performance of counsel and/or any alleged conflict are insufficient to entitle him to a

vacation of his conviction." As to the petitioner's third argument, Judge Lee concluded that the

government properly indicted the petitioner under 18 U.S.C. § 1956 for money laundering and

the evidence adduced by the government clearly supported the petitioner's conviction for that

offense. Finally, regarding the petitioner's fourth argument, Judge Lee concluded that the district

court properly charged the jury regarding the conspiracy charge. (Docket No. 75).

On June 7, 2005, the petitioner filed another *pro se* motion to vacate, set aside or correct

sentence under 28 U.S.C. § 2255,[2] challenging the sentence imposed upon him in this case under

the USSG based on the Supreme Court's decision in United States v. Booker, 543 U.S. 296

(2005), which was issued on January 12, 2005 .[3]   (Docket No. 78). In response, on June 22,

---

2. Judge Lee retired prior to the filing of the petitioner's second Section 2255 motion, and the
matter was assigned to this member of the Court.

3. In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court held that Washington
State's determinate sentencing scheme, a scheme similar to the USSG, violated the Sixth
Amendment right to a jury trial because judges were (a) imposing sentences that were not based
solely on facts reflected in the verdict of the jury or admitted by a defendant, and (b) using a
preponderance of the evidence standard to find the facts necessary to the sentence imposed. In
Booker, which was decided by two opinions, the Supreme Court held that the Sixth Amendment
as construed in Blakely, applied to the USSG. In the first opinion in Booker, which was written
by Justice Stevens for a majority of five justices, the Court reaffirmed its holding in Apprendi v.
New Jersey, 530 U.S. 466 (2000), that "[a]ny fact (other than a prior conviction) which is
(continued...)

3

2005, the government filed a motion to dismiss. (Docket No. 80). On August 22, 2005, the

petitioner filed a reply to the government's motion to dismiss. (Docket No. 84).

III

Section 2255 of Title 28 of the United States Code provides in relevant part:

**§ 2255.  Federal custody; remedies on motion attacking sentence**

\* \* \*

A second or successive motion must be certified as provided in section 2244 by a panel
of the appropriate court of appeals to contain–

\* \* \*

(2) a new rule of constitutional law, made retroactive to cases on collateral
review by the Supreme Court, that was previously unavailable.

In turn, Section 2244 provides in relevant part:

**§ 2244.  Finality of determination**

\* \* \*

(3)(A) Before a second or successive application permitted by this section is filed
in the district court, the applicant shall move in the appropriate court of appeals
for an order authorizing the district court to consider the application.

In its motion to dismiss, the government contends that the petitioner's current motion to

vacate, set aside or correct sentence is a second or successive petition for habeas relief under 28

---

(...continued)

necessary to support a sentence exceeding the maximum authorized by the facts established by a
plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a
reasonable doubt," and extended that rule to the USSG.  In the second opinion in Booker, which
was written by Justice Breyer for a majority of five justices, the Court held that 18 U.S.C.
§ 3553(b)(1), which was the provision of the Sentencing Reform Act of 1984 making application
of the USSG mandatory, was incompatible with the Court's constitutional ruling.  Therefore,
Section 3553(b)(1) was severed and excised from the Sentencing Reform Act of 1984, rendering
the USSG merely advisory.

4

U.S.C. § 2255; that the petitioner has not obtained an order from the Third Circuit authorizing the filing of a second or successive petition for habeas relief; and that, therefore, the Court lacks subject matter jurisdiction. *See* Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir.2002).

In response to the government's motion to dismiss, the petitioner asserts that his trial counsel must have filed the first Section 2255 motion on his behalf without authorization to do so, and the petitioner requests the Court to obtain a copy of the previous Section 2255 motion to establish that he did not sign or request the filing of the previous Section 2255 motion. After reviewing the file in this case, it is clear that the petitioner's position in response to the government's motion to dismiss is meritless. Attached to this Memorandum Opinion as Exhibits A through E are the petitioner's previous Section 2255 motion, which was signed and filed *pro se* by the petitioner on April 2, 1997, almost nine years ago, and other documents that he signed and filed *pro se* in connection with that motion.

Under the circumstances, the Court agrees with the government that subject matter jurisdiction is lacking over the petitioner's current Section 2255 motion. However, rather than dismiss the Section 2255 motion, in the interest of justice, it will be transferred to the Third Circuit pursuant to 28 U.S.C. § 1631, which provides in pertinent part: "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ...

could have been brought at the time it was filed ..., and the action ... shall proceed as if it had been filed in ... the court from which it is transferred."[4]  *See* Robinson, *supra*.

An appropriate order follows.

Arthur J. Schwab
United States District Judge
for
William L. Standish
United States District Judge

---

4. As noted by the government in its motion to dismiss the petitioner's Section 2255 motion, it is now well established that the Supreme Court's decision in Booker does not apply retroactively to cases on collateral review.  *See* In re Olopade, 403 F.3d 159 (3d Cir.2005)(In Booker, the Supreme Court did not mention collateral review and only expressly applied its holding to cases on direct appeal.  Thus, defendant could not file a second or successive motion to vacate based on a claim that his sentence was imposed under a mandatory guideline system in violation of Booker); Lloyd v. United States, 407 F.3d 608 (3d Cir.2005)(Rule of law announced in Booker did not apply retroactively to prisoners who were in initial Section 2255 stage as of the date Booker issued).  Nevertheless, the Court agrees with the government that it is for the Third Circuit to determine in the first instance whether the petitioner's request for authorization to file a second or successive habeas petition should be granted.

32

AO 243 (Rev. 5/85)

## MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District<br>WESTERN DISTRICT OF PENNSYLVANIA | |
|---|---|---|
| Name of Movant<br>William Hartsfield | Prisoner No.<br>05048-068 | Case No.<br>Cr-94-0010-01 |
| Place of Confinement<br>FCI Beckley, P.O. Box 350, Beaver, West Virginia 25813 | | |

97 0592

UNITED STATES OF AMERICA      V.   WILLIAM HARTSFIELD

(name under which convicted)

66

## MOTION

1. Name and location of court which entered the judgment of conviction under attack <u>United States District court, Western District of Pennsylvania</u>

2. Date of judgment of conviction <u>September, 1, 1994</u>

3. Length of sentence <u>20 years</u>

4. Nature of offense involved (all counts) <u>Title 21 USC § 846 and Title 18 USC § 1956</u>

5. What was your plea? (Check one)
   (a) Not guilty     ☒
   (b) Guilty         ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   <u>N/A</u>

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury        ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

Exhibit A

9. If you did appeal, answer the following:

(a) Name of court __Third Circuit Court of Appeals__

(b) Result __Affirmed__

(c) Date of result __Unknown__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☐

11. If your answer to 10 was "yes," give the following information:

(a)(1) Name of court __N/A__

(2) Nature of proceeding __N/A__

(3) Grounds raised __N/A__

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result __N/A__

(6) Date of result __N/A__

(b) As to any second petition, application or motion give the same information:

(1) Name of court __N/A__

(2) Nature of proceeding __N/A__

(3) Grounds raised __N/A__

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result __N/A__

(6) Date of result __N/A__

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐ No ☐    N/A
(2) Second petition, etc.   Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

__N/A__

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

**A. GROUND ONE:** Ineffective trial and Appellant Counsel

**Supporting FACTS (state briefly without citing cases or law):** Defense Counsel's conduct caused a total breakdown in the trial and appellate stages of the proceedings. This Petitioner suffered a constructive denial of counsel. See, attached Memorandum in support for additional facts.

**B. GROUND TWO:** Ineffective assistance of Counsel, conflict of interest.

**Supporting FACTS (State briefly without citing cases or laws):** Appellate Counsel had a personal interest that outweighed his interest in in advocating this Petitioner's cause. Counsel violated his appointment status by "exorting" funds from the Petitioner's family. See. attached Memorandum for additional facts.

**C. GROUND THREE:** The money laundering conviction is invalid as a matter of facts.

**Supporting FACTS (State briefly without citing cases or law):** The money laundering count is invalid as a matter of law. The alleged conduct is more consistent with Title 18 USC § 1957. However, because the transaction was under $10,000.00, the government mislead the jury and this court. (See) attached Memorandum in

support for additional facts.

D. Ground four: Failure to request or give a special instruction denied this Petitioner a fair trial

Supporting FACTS (state *briefly* without citing cases or law): The indictment alleged conduct that involved cocaine Powder, and cocaine base. without a specific instruction the petitioner has no way of knowing which objective the verdict is based on. (See) attached Memorandum for addtionnal facts.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing G. William Bills, Jr. Attorney at Law, 211 Fort Pitt Blvd., Pittsburgh, PA 15222-1505

(b) At arraignment and plea Same as above

(c) At trial Same above

(d) At sentencing Same above

AO 243 (Rev. 5/85)

(e) On appeal __Same as above__

(f) In any post-conviction proceeding __N/A__

(g) On appeal from any adverse ruling in a post-conviction proceeding __N/A__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: __N/A__

(b) Give date and length of the above sentence: __N/A__

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__3/20/97__
(date)

_William M. Hartsfield_
Signature of Movant
**William M. Hartsfield**

(7)

32

William Hartsfield
#05048-068/O-A-L
FCI Beckley
P.O. Box 350
Beaver, West Virginia 25813

In Pro/se

67

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William Hartsfield | ) |
| Petitioner, | ) Civil No:    97 0592 |
| | )  Crimm No: CR-94-0010-01    file |
| -vs- | ) |
| | ) MEMROANDUM OF LAW IN SUPPORT |
| United States of America | ) OF MOTION OF MOTION PURSUANT TO |
| Respondent. | ) TITLE 28 , USC, § 2255. |

        Comes now the petitioner, William Hartsfield, in

Pro/se brings this Memorandum in support of motion, based

on the attached Memorandum Points and authorities, Exhibits

Declarations, the files and records of this case and

any subsequent hearings which may be held in this matter.

<u>I</u>

**JURISDICTION**

        This court has the jurisdiction to entertain and

grant the relief requested pursuant to Title 28 USC §

2255, see, **Davis vs. United States**, 417 US 333 41 LED.

2d. 109 (1974).

Exhibit B

1

## MEMORANDUM POINTS AND AUTHORITIES

## II

### STATEMENT OF PREFERENCE

This petitioner ask this court to liberally construe this motion in light of the Supreme Court's Ruling in **Hains vs. Kerner**, 404 US 459 30 LED. 2d. 109 (1972), which allows a Pro/se litigant liberal aids especially when one is in prison.

## III

### STATEMENT OF CASE

The petitioner was charged, by criminal indictment with conspiracy to distribute and to possess with intent to distribute in excess of five (5) kilograms of cociane and in excess of fifty (50) grams of a mixture containing a dtectable amount of cocaine base, in violation of § 841 and 846 of Title 21 USC.

The petitioner was also charged with violation of 81 USC § 1956, money laundering, in connection with the purchase of a vehicle allegedly paid with funds from the illegal activity of drug trafficking.

Trial began before United States District Judge Barron P. McCune and a jury on May 23, 1994. By jury verdict of May 27, 1994, The petitioner was convicted of both counts of the indictment.

2

The conviction and sentence in this matter was affirmed by the Third Circuit Court of Appeals.

## IV

### STATEMENT OF FACTS

The petitioner challenges his conviction sentence based on the following grounds; (1) Ineffective Assistance of Counsel in trial and appeal (2) Ineffective Counsel conflict of interest, (3) The money laundering conviction is invalid as a matter of law, and (4) It was error not to give a specific instruction.

INEFFECTIVE ASSISTANCE OF COUNSEL; Defense Counsel's conduct caused a total breakdown in the adversarial process. Defense counsel failed to make an adequate investigation into the law before pursuing his factual investigation into this case. Had counsel investigated the law -vs- the facts he would have been aware that the indictment is constitutionally insufficient to prepare a defense, see, **Cecil vs. United States**, 608 F.2d. 1294 (9th Cir, 1979). The conspiracy allegedly lasted over (2) years and the indictment does nothing more than track the language of the Statue with nothing  more.

Had counsel investigated authority as in **United States vs. Giunta**, 925 F.2d. 758 (4th Cir. 1991), or **United States vs. melchor-Lopez**, 627 F.2d. 886 (9th Cir. 1980) counsel would have been aware that since the government chose the 1990, they would have had the burden of proving the objective from this date.

Counsel failed to investigate the difference between a buyer-seller or "middle man" defense see, **United States vs. Baker,** 905 F.2d. 1101 (7th Cir. 1990).

Had counsel investigated this authority he would have been equiped with the knowledge to understand the conduct alleged by the government failed to cross the line to violate the federal statutes. Without this know-ledge counsel was not equip to adequately cross examine the witnesses to allow the jury to see where a reasonable doubt existed.

Defense counsel's closing argument failed to hold the government to their constitutional burden of proving "each fact necessary to constitute the crimes charged". Id. /The government paraded host of witnesses that testified to "generic" conduct that failed to support the the essen-tial elements of "specific intent" "state of mind" and "objective". / Without a vigorious closing argument based on the principles stated in the authority above the petitioner suffered a "constructive denial of counsel" that is a per/se denial of due process that does'nt require this petitioner to prove prejudice see, **United STates vs. Swanson**, 943 F.2d. 1070 (9th Cir. 1991).

Defense counsel failed to advise this petitioner of the evidentary value of his possible trial testimony before he waived his right to testify in his own behalf.

This made the petitioner's decision to waive his right to testify unintelligent and involuntary see, **United States vs. Teague**, 953 F. 2d. 1525 (11th Cir. 1993). Had this petitioner been aware that his testimony would have refuted the inferences of "state of mind" "specific intent", or his "common purpose and objective" with the parties who testified for the government, this petitioner would have insisted on excercising his right to testify.

Defense counsel failed to request a specific instruction to the jury regarding cocaine powder or cocaine base. Because of the disparity in the sentence, this is a structural error, the petitioner has no way of knowing whether the verdict rest on cocaine or its 100-to-1 cousin cocaine base.

Defense counsel was ineffective on appeal for failing to challenge sufficiency of the evidence based on the complexities in the authority stated eariler in this section. Defense counsel failed to investigate the insufficiency of the indictment claim and the special jury instruction claim regarding cocaine or cocaine base.

Ineffective Counsel; Conflict of interest; Defense counsel had a personal conflict in this case. Counsel had a monetary conflict in this case that caused him to deny this appellant of conflict free counsel.

5

Counsel was appointed for appeal pursuant to Title 18 USC § 3006, however, during the same time he was appointed counsel was still pursuing additional money from this petitioner's family.

Based on the grounds for relief raised in this § 2255 motion this court can see counsel's loyalties were divided and the petitioner's interest were not his primary focus. Based on the unethical conduct of defense counsel this petitioner was denied conflict free counsel for appeal.

The money laundering conviction is invalid as a matter of Law; In the instant case the government charged the petitioner with one count of Title 18 USC § 1956 money laundering. This count is based on conduct that involved the purchase of an automobile, in the amount of approximately $7,000.00.

However, the conduct in this count is more consistent with Title 18 USC § 1957 "engaging in a monetary transaction". The government pursued the money laundering count in bad faith based on the fact one essential element in a § 1957 conviction is that the transaction be larger than $10,000.00.

The government wanted to include this conduct to bolster their non-existant conspiracy to take the jury's focus off of the important matter and draw impermissible inferences from the purchase of a vehicle with $7,000.00.

6

Once this court vacates the money laundering conviction
this court will be forced to vacate the conspiracy conviction
based on "retroactive misjoinder".  See, **Jones vs. United
States**, 16 F.3rd. 487 (2nd. Cir. 1993).  The prejudical
spill over affect from the money laundering requires
a new trial on the conspiracy.

Failure to request or give a specific instruction
denied the Petitioner a fair trial;  The instant indictment
charge the petitioner  with cocaine and cocaine base.
There was no specific instruction govern in trial to direct
the jury attention to what the object of the conspiracy
is based on.  In the argument section regarding this
claim the petitioner will offer authority to show this
court must vacate the conviction  and offer  (1)  of
(2)  forms of relief.  The first calls for the government
to consent to resentencing or set the case for a new
trial.

This is based on the 100-to-1 sentencing disparity
and the petitioner's liberty interest.  Based on the
foregoing claims this petitioner is entitle to § 2255
relief.

## V

### ARGUMENT I

### INEFFECTIVE COUNSEL

In 1984, the Supreme Court set out a landmark decision
regarding ineffective assistance of counsel.  In **Strickland
vs. Washington**, 466 US 688 80 Led. 2d. 674 (1984), the
court decided that a determination would be conditioned

7

on two factors, both of which must be met:

(1)   The counsel's performance must have fallen below an objective standard of reasonableness.

(2)   There is a reasonalbe probability that, but for the counsel's errors, the result of the proceeding would probably have been different.

Id. Strickland

In the same year the Supreme Court handed down another decision dealing with counsel'performance that goes beyond the Strickland, two prong test; see, **United States vs. Cronic**, 466 US 648 80 Led. 2d. 654 (1984).   In Cronic the test of prejudice is presumed.   Cronic deals with counsel's conduct causing a "total breakdown" in the adversarial process or when a person "suffers constructive denial of counsel at a critical stage of the proceedings.

In this case the petitioner suffered a "constructive denial" of counsel.   Counsel failed to investigate the facts, law and circumstances in this case based on the complex elements and theories that allowed the government to create the instant conviction.   In trial and on direct appeal counsel failed to hold the government to their burden, Cronic stated:

"[E]ven when no theory of defense is available if the decision to stand trial has been made counsel must hold the prosecution  to its "heavy burden" of proving guilt beyond a re-asonable doubt".

Id. Cronic.

In this case counsel's closing argument fails to address where reasonable doubt rest in this matter.

8

Counsel failed to educate the jury that people involved in similar illegal conduct or a person with bad judgment in the company he keeps does not constitute joining a conspiracy.

The conviction was totally conceded to in the direct appeal. Based on the foregoing facts this conviction must be set aside and set for a new trial.

Counsel's unprofessional conduct equals another serious violation of this petitioner's rights. Counsel failed to advise this petitioner of the evidentary value of his possible testimony in trial, this made this waiver of his right to testify unintelligent and involuntary. See, **United States vs. Teague**, 953 F.2d.1 (11th Cir. 1993). Teague was an enbanc ruling where the Court of Appeals addressed the issue of ineffective assistance of counsel as it relates to a movant's right to testify. In Teague the defendant did not receive relief, however the court gave sound reasoning that must be considered in this matter. The **Teague** court stated:

> "Criminal defendant's fundamental right to testify is his or her own behalf at trial is personal to defendant and can not be waived either by trial court or defense counsel."

The court then stated:

> "Defense counsel bears primary responsibility for advising defendant or one's right to testify or not to testify, strategic implications of each choice, and that it is ultimately for defendant to decide."

Id. Teague.

9

It is the petitioner's position that had he been aware of the value of his testimony he would have insisted on his right to testify in trial. Based on the foregoing reasons, this conviction must be vacated and set for a new trial.

The petitioner suffered ineffective counsel, at sentencing, and on direct appeal. The petitioner brings this claim based on the **Strickland** (2) prong test dealing with "error", and "prejudice".

On direct appeal counsel failed to challenge the conviction on appeal for sufficiency of the evidence or to argue the position of "buyer-seller" relationship, or persons in similar conduct not crossing the line to become co-conspirators. Counsel can not hide behind the fact this was a tactical decision. Counsel's conduct was based on unpreparation by not being familiar with authority like **United States vs. Baker**, 905 F.2d. 1101 (7th Cir. 1990) ("buyer-seller defense, large purshases"). The direct appeal process failed to produce just results.

In the instant, counsel's conduct denied this petitioner a fair trial under the **Strickland**, and **Cronic** standards and is entitle to § 2255 relief.

## VI

### ARGUMENT 2

The Supreme Court in **Cuyler vs. Sullivan**, 446 US 335 64 LED. 2d. 333 (1980), the Supreme Court ruled a defendant in a criminal case has the right to conflict free counsel.

It is the petitioner position that counsel's profit motive impeded counsel's loyalty in this case. The petitioner has attached as exhibits, affidavits from witnesses who will testify in a hearing as to how counsel misused his knowledge of the law, to overide the petitioner's ignorance of the law for his own gain. Based on the foregoing facts this petitioner is entitled to § 2255 relief.

## VII

### ARGUMENT 3

### THE MONEYLAUNDERING CONVICTION IS INVALID

The petitioner is challenging the money laundering conviction based on the fact that as a matter of law the purchasing of a car does not constitute a violation of Title 18 USC § 1956.

In trial the jury's judgment was clouded based on the fact counsel allowed the government to paint a picture with the erroneous conspiracy conviction that dated back to 1990. Counsel allowed the jury to draw inference that the money used came from the proceeds of this alleged conspiracy.

The conduct in this case was more consistent with Title 18 USC § 1957 engaging in monetary transactions in property derived from specified unlawful activity. However, the essential element in a § 1957 violation is that the transaction involve $10,000.00 or better.

11

The government maliciously sought to bolster their case by including the erroneous § 1956 count to divert the juries attention from the fact that they (the government) had to prove (2) or more parties must have a "common purpose" from the 1990 date in the indictment.

Why this conviction is invalid as a matter of law is that the spending of money does not constitute money laundering in violation of 18 USC § 1956, see.

This argument brings about another claim that requires this court to vacate the conviction for a new trial. Once this court vacates the money laundering conviction, it shows this petitioner was denied a fair trial on the conspiracy based on "retroactive misjoinder", see, **United States vs. Jones**, 16 F3rd. 487 (2nd. Cir. 1994). Based on the prejudical spillover affect.

In **Jones**, the court stated: "Retroactive misjoinder occurs where joinder of multiple counts was proper initially, but later developments, such as a district Court's dismissal of some counts for lack of evidence or an appellate court's reversal of less than all convictions render the initial joinder improper, see, Generally, 8 James WM. Moore, Moore's Federal Practice § 8.06 [3]. (2nd. Ed. 1993)".

In the instant case the money laundering and conspiracy were joined in the original trial, however based on the developments in the § 2255 proceeding calls for this court to enforce this principle.  Based on the facts in this case, the 18 USC § 1956 conviction must be vacated.

## VIII

### ARGUMENT 4

### SPECIFIC INSTRUCTION

In the original trial there was a violation of
Rule 31 (c), Fed. R. Crim. P. to a specific instruction.
The specific instuction in this case is based on the
fact the indictment charge the petitioner with possessing
or distributing cocaine (powder), and cocaine base (crack).
This court is aware with all the challenges regarding
the 100-to-1 disparity in sentencing. Because of the
liberty interest involved, this petitioner is entitle
to relief today. Rule 31 (c) Fed. R. Crim. P. states:

> "Conviction of less offense. The defendant
> may be found guilty of an offense necessarily
> included in the offense charged or of an attempted
> to commit either the offense charged or an
> offense necessarily included therein if the
> attempt is an offense".

Id. Rule 31 (c).

It takes cocaine powder to make cocaine base and
without giving a specific instruction the verdict is
ambiguous. See, **United States vs. Newman**, 817 F.2d.
635 (10th Cir. 1978), and **United States vs. Quickley**,
525 F. 2d. at 341 (4th Cir. 1975). In each of the cases
above the courts recognized this principle. In **Newman**,
the court stated:

13

"Sentence that potentially could have permitting
jury to return general verdict on charges of
conspiracy to distribute involving both narcotic
and narcotic drugs potentially affected such fund-
amental liberty interest of defendant that it
warranted treatment as plain error despite defend-
ant's failure to request special verdict".

Id. Newman

In the instant case without the special verdict
in this matter this petitioner's liberty interest has
been over-look and he is entitle to § 2255 relief.

## XI

### THE PETITIONER IS ENTITLE TO AN EVIDENTARY HEARING

The Statute of Title 28 USC § 2255 almost requires
the District Court to hold a hearing. The only exception
is when 'the files and records conclusively show the
movant is entitled to no relief." Id.

The Court of Appeals, in **United States vs. Bauman**,
692 F.2d 565 (9th Cir. 1982), adopted to the standard
annonced in **Townsend vs. Sain**, 373 US 293 9 Led. 2d.
770 (1963). This states a hearing is required "if movant
makes factual allegations that if true would entitle
him to relief." Id.

The Supreme Court in **Machibroda vs. United States**,
368 US 487 7 Led. 2d. 473 (1963), stated a hearing is
required when the claims deal with matters "outside
of the record and courtroom." Id.

The Court have stated a "movant must prove his
contentions by a preponderance of evidence to be entitled
to a hearing." See, **Voltz vs. United States**, 196 F.2d
298 (5th Cir. 1952),

14

**United States vs. Katzenback**, 613 F.2d 86 (5th Cri. 1980), and **Lema vs. United States**, 987 F.2d. 48 (1st Cir. 1991). This Petitioner has met each of the above standards to receive a hearing in this case.  Counsel's inadequate performance has left the record inadequate in this case to address the factual claims in this motion today.  This Petitioner request a prompt hearing in this matter.

## XII

### CONCLUSION

This Petitioner prays to this Court to grant a prompt hearing, and relief consistent with these claims, as Law, Justice, and Liberty demand.

Date: 3/20/97

RESPECTFULLY SUBMITTED

William Hartsfield
Petitioner /Pro/se

15

3̲

William Hartsfield
#05048-068/O-A-L
FCI Beckley
P.O. Box 350
Beaver, West Virginia 25813

In Pro/se

## UNITED STATES DISTRICT COURT
### FOR THE
### WESTERN DISTRICT OF PENNSYLVANIA

68

| | | |
|---|---|---|
| William Hartsfield | ) | |
| Petitioner | ) | Civil No:  97 0592 |
| | ) | Crimm No: CR-94-0010-01  *file* |
| -vs- | ) | |
| | ) | MOTION FOR ADDITIONAL DISCOVERY |
| United States of America | ) | PURSUANT TO RULE (6) OF RULES |
| Respondent. | ) | GOVERNING § 2255. |

Comes now the Petitioner, William Hartsfield, in
Pro/se brings this motion for additional discovery pursuant
to Rule (6) of Rules governing § 2255 to make the instant
proceeding more effective.

The petitioner has made numerous attempts to have
defense counsel provide him with the requested documents
and these requests have been ignored.  The instant §
2255 proceeding contains issues that deal with "actual
innocences" and "structual errors" that entitle the peti-
tioner to § 2255 relief.

§ 2255 proceedings from the initial review by the
court under Rule (4) of rules governing § 2255 up through
the appeal deal with the "files and records".

Exhibit C

1

In order to promote fundamental fairness" and to
allow the petitioner to be able to intelligently prosecute
the instant § 2255 motion, this motion must be granted;
the additional documents needed are.

   (1).  The trial and sentencing transcripts to include
         opening and closing arguments and jury instructions

   (2).  A copy of the discovery to match the file
         maintain by the US Attorney's office.

   (3).  A copy of the court file, each entry on the
         docket sheet.

Based on the foregoing facts and the factual and
legal claims in the § 2255 motion, the petitioner respect-
fully request this court to grant this motion as Law,
Justice, and Liberty demand.

Date: 3/20/97

**RESPECTFULLY SUBMITTED**

William M Hartsfield
William Hartsfield
Petitioner/Pro/se

32

William Hartsfield
#05048-068 / Unit Oak A.L.
F.C.I. Beckley
P.O. Box 350
Beaver, West Virginia 25813

In Pro/Se

71

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

William Hartsfield                    )
       Petitioner,                )     Cause No: 97-592
                  )            CR 94-10
                  )
      -VS-                            )     MOTION TO COMPEL THE PRODUCTION
                  )     OF DOCUMENTS, AND REQUEST FOR
                  )     (30) DAYS TO FILE A TRAVERSE.
United States of America       )
       Respondent.                )

      Comes now the Petitioner, William Hartsfield, in pro/se

brings this "Motion to Compel" the production of documents

requested in the motion for additional discovery, under Rules

(6), and (8) of Rules governing § 2255, and request for (30)

days to file a Traverse Brief after the documents are provided.

      The Petitioner filed a motion pursuant to Title 21 USC

§ 2255 collaterally attacking his conviction and sentence.

This motion was done without the aid of transcripts or discovery.

Prior to filing this motion this Petitioner made numerous

attempts to have counsel provide the transcripts, and other

discovery materials to aid in the preparation of the instant

§ 2255.  Defense counsel has ignored each request by this

Exhibit D

1

Petitioner, and his family.

The request for additional discovery was made to protect this Petitioner's procedural due process rights in this matter. The government responded to the § 2255 motion, without providing any documents. The government answer the ineffective counsel claim without an affidavit from defense counsel. The government has attempted to speak for counsel, and justify his actions.

The government fails to understand that the fairness of the trial is at issue, and not the guilt or innonces of this Petitioner. This Petitioner ask this Court to review, **Galvan -vs- Press**, 347 US 552, 98 Led 911 (1954), the Court stated "fair play is the essence of due process." With this in mind, this Petitioner is asking for fair play in the instant § 2255 proceedings.

This Petitioner is a layman in the law, serving a (20) year prison sentence. § 2255 motions are based on the "files and records" of the case. This Court, and the government has unlimited access to the files and records, and this Petitioner has no access.

Congress has enacted strict legislation that limits the filing of successive § 2255  motions, and call for this Petitioner to file a certificate of appealibility before a direct of appeal of the § 2255 motion can be obtained. In order to allow this Petitioner to intelligently prosecute the instant § 2255, this Court must grant this request.

2

This Petitioner respectfully request this Court to grant the relief requested to provide the documents requested in the motion for additional discovery, and grant an extention of time of (30) days to file a Traverse or to Amend the § 2255 motion after the documents are provided, as law, justice and liberty demand.

Date: 5/5/97

Respectfully Submitted,

William Hartsfield
Petitioner/Pro/Se

## CERTIFICATE OF SERVICE

I, William Hartsfield, deposited in the United States Mail, a copy of this Motion to Compell, and Extention of Time, from FCI Beckley, P.O. Box 350, Beaver, West Virginia 25813, first class postage pre-paid to the following person[s].   On this 5 day of May 1997.

William Hartsfield

Gregory J. Nestcott, A.U.S.A.
U.S. Post Office and Courthouse,
Seventh Avenue and Grant Street
Pittsburgh, PA 15219

3

32

William Hartsfield
#05048-068/O-A-L
F.C.I. Beckley
P.O. Box 350
Beaver, West Virginia 22813

In Pro/se

UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF PENNSYLVANIA

74

| William Hartsfield | ) | |
| Petitioner, | ) | Civil Action: 97-592 |
| | ) | CR 94-10 |
| -vs- | ) | |
| | ) | TRAVERSE TO GOVERNMENT'S |
| United States of America | ) | RESPONSE TO THE MOTION TO |
| Respondent. | ) | COMPELL PRODUCTION OF DOCUMENTS. |

Comes now the Petitioner, William Hartsfield,
in Pro/se brings this Traverse in Opposition to the
Motion to Compell the Production of Documents.

The government response is "dilatory", and a attempt
to deny this Petitioner equal access to justice. Under
Title 28 USC § 1915, and 28 USC § 753(F), the Petitioner
need only show an arguable issue of law and fact to
be entitled to the request for documents. This Court's
order in compliance with Rule 4 of Rules governing
§ 2255 directing the government to respond meets the
legal standard of review for production of documents.

Exhibit E

The government's argument about this petitioner filing days before the Anti-Terrorist Act went into effect; this is true.

The petitioner has made numerous request to trial counsel for a copy of the transcripts and would concede to the transcripts if this court directs counsel to provide his copies of the transcript.

The request for the U.S. Attorney's file is critical to allowing this petitioner to prosecute the instant § 2255 motion. To fully develop a claim of ineffective counsel for failure to investigate, this petitioner would need the discovery as it was given to counsel to what he based his legal and factual investigations on before he could intelligently argue whether counsel's decision was reasonable under the circumstances.

The government's response to this Motion to Compell shows the spirit in which the government proceeding in a proceeding when liberty is at stake. The question at this point is fundamental fairness, and "even handed administration of justice". The government has resources and access to the files and records when this Pro/se petitioner was force to file from memory and what he learned in the institution law library.

2

Based on the foregoing facts, and circumstances in this case, the petitioner request the original relief for the production of documents as Law, Justice, and Liberty demand.

Date: 5/28/97

Respectfully Submitted,

_William M Hartsfield_
William Hartsfield
Petitioner/Pro/Se

## CERTIFICATE OF SERVICE

I, William Hartsfield, deposited in the United States mail, a copy of this Traverse to the government's response, from FCI Beckley, P.O. Box 350, Beaver, West Virginia 25813, First Class postage pre-paid to the following person[s]. On this 28 day of May 1997.

_William M Hartsfield_
William Hartsfield

Gregory J. Nescott A.U.S.A.
Department of Justice
633 U.S. Post Office, and Courthouse
Pittsburgh, PA 15219